IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| W.E.T., a minor, by and through his parents and next friends WENDELL TABB and DUCHESS ALICIA STALLINGS TABB; WENDELL TABB; and DUCHESS ALICIA STALLINGS TABB, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )     1:06CV487<br>) |
| JILL MITCHELL, individually and in her official capacity as an employee of Durham Public Schools; ANN DENLINGER, individually and in her official capacity as an employee of Durham Public Schools; and DURHAM PUBLIC SCHOOLS BOARD OF EDUCATION, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER

BEATY, Chief Judge.

For the reasons discussed in the Memorandum Opinion filed contemporaneously herewith, the Court concludes that Defendant Mitchell's Motion to Dismiss [Document #16] is GRANTED IN PART AND DENIED IN PART, as follows. Mitchell's Motion to Dismiss is GRANTED with respect to all claims brought by Wendall Tabb ("W. Tabb") and Duchess Tabb ("D. Tabb"), individually. Those claims will therefore be dismissed with prejudice. However, Mitchell's Motion to Dismiss is DENIED with respect to: (1) Plaintiff W.E.T.'s § 1983 claim against Mitchell for violations of his Fourteenth Amendment rights; and (2) Plaintiff W.E.T's state law claims against Mitchell for false imprisonment, intentional infliction of emotional

distress and request for punitive damages.

As to Defendants Denlinger and the Durham Public School Board's (the "DPS Board") Motion to Dismiss [Document # 9] the Court concludes that Defendants' Motion to Dismiss the claims against Denlinger in her official and individual capacities is GRANTED. Accordingly, all of Plaintiffs' claims against Denlinger are dismissed with prejudice.

In addition, as to the DPS Board, Defendants' Motion to Dismiss is GRANTED with respect to: (1) Plaintiff W.E.T.'s § 1983 claim against the DPS Board for failure to train or properly supervise; (2) Plaintiffs W. Tabb and D. Tabb's individual claims against the DPS Board; (3) Plaintiffs' direct claim of negligence against the DPS Board; and (4) Plaintiffs' request for punitive damages. Each of these claims are therefore being DISMISSED with prejudice. However, Defendants' Motion to Dismiss as to the DPS Board is DENIED with respect to Plaintiff W.E.T.'s state law claims of false imprisonment, intentional and negligent infliction of emotional distress, assault, battery, and negligence on the basis of respondeat superior, because Plaintiffs have alleged in the Complaint that the DPS Board waived its governmental immunity pursuant to N.C. Gen. Stat. § 115C-42. The Court therefore concludes that Plaintiffs' allegations in this respect are sufficient to withstand Defendants' motion to dismiss as to these state law claims.

This, the 14th day of September, 2007.

United States District Court Judge

2

3