IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| W.E.T., a minor, by and through his ) | | |
| parents and next friends WENDELL TABB ) | | |
| and DUCHESS ALICIA STALLINGS ) | | |
| TABB; WENDELL TABB; and DUCHESS ) | | |
| ALICIA STALLINGS TABB, ) | | |
| Plaintiffs, ) | | |
| v. ) | 1:06CV487 | |
| ) | | |
| JILL MITCHELL, individually and in her ) | | |
| official capacity as an employee of ) | | |
| Durham Public Schools; ANN DENLINGER, ) | | |
| individually and in her official capacity as an ) | | |
| employee of Durham Public Schools; and ) | | |
| DURHAM PUBLIC SCHOOLS BOARD ) | | |
| OF EDUCATION, ) | | |
| Defendants. ) | | |

MEMORANDUM AND ORDER

BEATY, Chief Judge.

This matter is presently before the Court on a Motion to Dismiss and Answer [Document #29] by Defendant Jill Mitchell ("Mitchell"). Plaintiffs Wendell Tabb and Duchess Tabb, individually, and on behalf of their minor child, W.E.T., filed a Complaint [Document #1] against Mitchell, Ann Denlinger, and the Durham Public Schools Board of Education ("the DPS Board") alleging causes of action under 42 U.S.C. § 1983 for violations of W.E.T.'s Fourth and Fourteenth Amendment rights and raising various state law claims arising out of an incident that occurred at a Durham Public School. Subsequently, Defendants Mitchell and the DPS Board filed separate Motions to Dismiss certain of Plaintiffs' claims [Document #16] [Document #9], which this Court granted in part and denied in part, dismissing: (1) all of Plaintiffs Wendell Tabb

and Duchess Tabb's individual claims against all Defendants; (2) all of Plaintiffs' claims against Ann Denlinger; and (3) Plaintiff W.E.T.'s claims against the DPS Board for violations of § 1983 and negligence [Document #26]. In conjunction with her responsive pleading, Mitchell now moves the Court for an Order dismissing Plaintiff W.E.T.'s remaining § 1983 claims against her on grounds not previously raised in her initial Motion to Dismiss [Document #16]. For the reasons discussed below, Mitchell's Motion to Dismiss will be granted in part and denied in part.

I. FACTUAL BACKGROUND

According to the allegations in Plaintiffs' Complaint, Plaintiff W.E.T. is a ten year old, special needs student who suffers from severe asthma, is partially blind and has been diagnosed with cerebral palsy. Because of his disabilities, W.E.T. attends occupational and physical therapy. At the time of the incident, W.E.T. was a student in Mitchell's "Resources" class, a class designated for students with special needs. Mitchell was, at the time, a special needs therapist at Hope Valley Elementary School, a Durham Public School.

On April 19, 2005, W.E.T. was talking with another student when Mitchell "sharply rebuked" him and "suddenly and without warning" ripped a piece of masking tape from a roll and "forcefully" placed it over W.E.T.'s mouth. (Compl. ¶ 17.) The Complaint further alleges that because of W.E.T.'s severe asthma, a condition of which Mitchell was aware, he began to have problems breathing when the tape was placed over his mouth. Shortly thereafter, W.E.T. attempted to get Mitchell's attention by attempting to orally communicate through the tape without removing it. As a result, the tape began to fall off and W.E.T. informed Mitchell that

2

the tape was no longer sticking. Mitchell responded that the tape was "not supposed to stick" and "forcefully" ripped it from his mouth. (Compl. ¶ 18) Plaintiffs allege that as a result of this incident, in addition to W.E.T.'s difficulty breathing, he has also suffered extensive mental and emotional damages.

Subsequently, Plaintiffs Wendell Tabb and Duchess Tabb, individually, and on behalf of W.E.T., filed a Complaint against Mitchell, the DPS Board Superintendent, Ann Denlinger, and the DPS Board asserting claims under 42 U.S.C. § 1983 for violations of W.E.T.'s Fourth and Fourteenth Amendment rights, and state law claims including negligence, false imprisonment, assault, battery, and intentional and negligent infliction of emotional distress. Defendants Mitchell and the DPS Board filed separate Motions to Dismiss certain of the Plaintiffs' claims. Specifically, Mitchell moved to dismiss all of Wendell Tabb and Duchess Tabb's individual claims; Plaintiff W.E.T.'s state law claims of false imprisonment, intentional infliction of emotional distress and request for punitive damages; and Plaintiff W.E.T.'s § 1983 claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In a Memorandum Opinion and Order filed contemporaneously therewith, this Court granted Mitchell's motion to dismiss Wendell Tabb and Duchess Tabb's individual claims, but denied Mitchell's motion to dismiss W.E.T.'s state law claims against Mitchell, and W.E.T.'s § 1983 claim finding that the facts as alleged in Plaintiffs' Complaint stated a claim for which relief could be granted [Document #25] [Document #26].

Mitchell has now filed an Answer to Plaintiffs' Complaint, and in that responsive

3

pleading also moves to dismiss Plaintiff W.E.T.'s § 1983 claims brought against her in her official and individual capacities pursuant to Rule 12(b)(1) and Rule 12(h) of the Federal Rules of Civil Procedure.

## II. LEGAL STANDARDS AND ANALYSIS

In the motion now pending before the Court, Mitchell argues three grounds for dismissal which were not previously raised in her first Motion to Dismiss [Document #16] and therefore, were not addressed by the Court in its September 14, 2007, Order dismissing some of Plaintiffs' claims. First, Mitchell argues that any claims against her in her official capacity have effectively been dismissed by the Court's prior Order in that the § 1983 claims against the entity for which she worked, the DPS Board, have been dismissed. Second, Mitchell argues she is entitled to qualified immunity as a defense against W.E.T.'s § 1983 claims brought against her in her individual capacity. Finally, Mitchell argues that if the § 1983 claims against her are dismissed, this Court no longer has subject matter jurisdiction over this case.

With regard to Plaintiff W.E.T.'s § 1983 claim against Mitchell in her official capacity, the Court notes that the § 1983 claim against Mitchell's employer, the DPS Board, was dismissed in an Order issued by this Court on September 14, 2007. The Court concludes, and Plaintiffs concede, that the § 1983 claim against Mitchell in her official capacity was essentially a claim against her employer, the DPS Board. Because the Court previously ruled that W.E.T. failed to state a § 1983 claim against the DPS Board, W.E.T.'s § 1983 claim against Mitchell in her official capacity will also be dismissed.

4

Turning now to Mitchell's second argument, the Court will first address whether Mitchell may now move to dismiss on grounds of qualified immunity despite failing to raise the argument in her first Motion to Dismiss [Document #16]. "Generally, qualified immunity must be raised in an answer or a dismissal motion." Ridpath v. Bd. of Governors Marshall Univ., 447 F.3d 292, 305 (4th Cir. 2006). Here, although Mitchell did not raise qualified immunity as grounds for dismissal of Plaintiff W.E.T.'s § 1983 claim in her pre-answer Motion to Dismiss, she now raises the affirmative defense in her Motion to Dismiss and Answer to Plaintiffs' Complaint [Document #29]. Federal Rule 12(g) provides that, except as provided by Rule 12(h)(2), a party raising any 12(b) defenses by pre-answer motion waives any 12(b) defenses that are not raised in that motion. Fed. R. Civ. P. 12(g) (2007). To the extent that it applies, Rule 12(h)(2) provides that a 12(b)(6) motion may, nevertheless, be raised in any pleading, by motion for judgment on the pleadings, or at trial. Fed. R. Civ. P. 12(h)(2) (2007). Thus, a defense under 12(b)(6) for failure to state a claim is not waived even if it was not included in the pre-answer motion. Yacovelli v. Moeser, No. 1:02CV596, 2004 WL 1144183 (M.D.N.C. May 20, 2004); see also Fed. R. Civ. P. 12(g) and 12(h)(2) (2007). If Mitchell is entitled to qualified immunity, then W.E.T. has failed to state a claim that may be granted. Therefore, Mitchell's motion to dismiss based on the defense of qualified immunity is properly before the Court, despite failing to raise the argument in her initial Motion to Dismiss [Document #16].

The inquiry into whether a defendant is entitled to qualified immunity is a two-step process. First, the Court must determine if the facts as pleaded demonstrate that the defendant's

5

conduct violated a constitutional right.  Blankenship v. Manchin, 471 F.3d 523, 528 (4th Cir. 2006).  If the facts do not establish a violation of a constitutional right, then the defendant's motion to dismiss will be granted.  Id.  If, however, from a favorable view of the plaintiffs' facts a violation has been established, the next step is to determine whether the right was "clearly established" at the time the violation occurred.  Id.

With regard to the initial step of the qualified immunity analysis, the Court has already considered whether Mitchell's conduct as alleged in the Complaint would constitute a violation of W.E.T.'s constitutional rights.  The Court determined in a Memorandum Opinion previously issued by this Court in this case [Document #25] that taking the facts as alleged in the Complaint in the light most favorable to W.E.T., his substantive due process rights provide him, a severely mentally and physically disabled child who suffers from severe asthma known to be so by Mitchell, the right to be free from a restraint which was maliciously placed over his mouth to prevent him from communicating with another student.  W.E.T. v. Mitchell, No. 1:06CV487, 2007 WL 2712924 (M.D.N.C. September 14, 2007). Therefore, the relevant question before the Court is whether that right, as described by the Court, was clearly established at the time the violation was alleged to have occurred.

Whether a constitutional right is clearly established, "must be undertaken in light of the specific context of the case, not as a broad general proposition . . ." Saucer v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156, 150 L. Ed. 2d. 272 (2001).   The law is clearly established for qualified immunity purposes "not only when 'the very action in question has previously been held

6

unlawful' but also when 'pre-existing law' makes the unlawfulness apparent." Meeker v. Edmundson, 415 F.3d 317, 323 (4th Cir. 2005)(quoting Anderson v. Creighton, 483 U.S. 635, 640, 107 S. Ct. 3034, 3039, 97 L. Ed. 2d 523, 531 (1987). Mitchell contends that there was no pre-existing law in 2005 which would have given her fair warning that taping a student's mouth closed as a disciplinary measure would be an unconstitutional action at the time the alleged action occurred. If indeed those were the only facts as alleged by W.E.T., the Court agrees that such conduct would not violate any clearly established constitutional right to be free from arbitrary and excessive force in the classroom. However, Mitchell's contention misstates the violation as alleged in the light most favorable to W.E.T. in the Complaint. In the previous Order considering Mitchell's first motion to dismiss, this Court in finding that W.E.T. stated a § 1983 claim against Mitchell, concluded that read in the light most favorable to W.E.T., the Complaint alleged that Mitchell maliciously and forcefully taped a physically and mentally disabled student's mouth closed. In Saucer v. Katz, the Supreme Court held that "[t]he right allegedly violated must be defined at the appropriate level of specificity before a court can determine if it was clearly established." 533 U.S. at 202, 121 S. Ct. at 2156. The more appropriate question, then, for the Court to consider is whether there was pre-existing law which would have put a reasonable educator on notice that maliciously and forcefully taping a student's mouth closed, whom she knew to have developmental disabilities and severe asthma, would be an unconstitutional action at the time the alleged violation occurred.

In arguing the lawfulness of her conduct, Mitchell points to a North Carolina law in

7

existence at the time of alleged action which provided that school officials were permitted to use "reasonable force in the exercise of lawful authority to restrain or correct pupils and maintain order." N.C. Gen. Stat. § 115-C-390 (2005). First, the Court notes that what is "reasonable" is a factual determination which is more appropriately considered by the Court at the summary judgment stage or by a jury at trial. Furthermore, as the Court previously noted, whether Mitchell placed the tape over W.E.T.'s mouth in order to restrain or correct W.E.T. or otherwise maintain order, also presents a factual question since W.E.T. alleges that Mitchell's actions were "malicious, willful, and wanton." See, W.E.T., No. 1:06CV487, 2007 WL 2712924, at *5 (M.D.N.C. September 14, 2007)("Defendants argue that Mitchell's actions in this regard were motivated by a desire to maintain order in her classroom, rather than by animosity toward the Plaintiff or a desire to hurt him. This argument, however, merely raises a question of fact as to Mitchell's motivation.").

There is, however, legal authority that recognizes the inference that a reasonable educator would have been put on notice that the type of conduct as alleged in the Complaint was unlawful. "[A] constitutional right is clearly established for qualified immunity purposes not only when it has been 'specifically adjudicated' . . . [but] when the defendants' conduct is so patently violative of the constitutional right that reasonable officials would know without guidance from the courts that the action was unconstitutional, closely analogous pre-existing case law is not required. . ." Clem v. Corbeau, 284 F.3d 543, 553 (4th Cir. 2002)(internal citations omitted). Thus, it is not necessary as Mitchell would suggest, that this specific conduct must

8

have been the subject of some previous litigation.[1] In considering pre-existing law that would have put Mitchell on notice that her conduct as alleged in the Complaint was unlawful, the Court notes that as early as 1977, the Supreme Court stated that students have a liberty interest in freedom from unreasonable restraint and mistreatment. See, Ingraham v. Wright, 430 U.S. 651, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977) (stating that students have a due process right "to be free from, and to obtain judicial relief for, unjustified intrusions on personal security"). In Hall v. Tawney, the seminal case for addressing excessive force in public schools, the Fourth Circuit recognized a student's substantive due process right to be free from excessive force "inspired by malice or sadism," that is disproportionate to the need presented and inflicts severe injury. 621 F.2d 607, 607-15 (4th Cir. 1980). Most recently, in Meeker v. Edmundson, the Fourth Circuit, rejecting a qualified immunity defense, held that "'[i]n the Fourth Circuit, educators have been aware that arbitrary use of corporal punishment . . . [has been] prohibited by the Fourteenth Amendment since at least' the issuance of Hall in 1980." 415 F.3d at 323. The circuit court went on to state that, "[n]ot only has such conduct been unlawful in this circuit since our decision in

---

[1] The Court recognizes that conduct involving similar facts was the subject of litigation in Cole v. Greenfield-Central Community Schools, 657 F. Supp. 56 (S.D. Ind. 1986). This Court previously held, however, that Cole is inapposite to this case. W.E.T., No. 1:06CV487, 2007 WL 2712924, at *7-8 (M.D.N.C. September 14, 2007). Unlike the facts here, in Cole, the court found after the presentation of evidence that the special needs student had placed the masking tape over his *own* mouth and at the teacher's instruction, removed it. Because Cole did not involve a determination at the motion to dismiss stage of whether a state official who willfully, wantonly and maliciously places a restraint over a disabled student's mouth establishes a violation of the student's constitutional rights, the Court could not agree with Defendant that Cole demonstrates that Mitchell's conduct was not clearly established unconstitutional conduct in 2005.

9

*Hall*, but by November 2000, the Third, Sixth, Eighth, Ninth, and Tenth Circuits had adopted the *Hall* rationale and holding." Id.; see also, Neal v. Fulton County Bd. of Educ., 229 F.3d 1069, 1075 (11th Cir. 2000)(holding that excessive force may be actionable under the due process clause "when it is tantamount to arbitrary, egregious, and conscience-shocking behavior"). More specifically, and similar to the conduct Plaintiff W.E.T. has alleged here, the Fifth Circuit has held that a student's right to bodily integrity also "applies to state-occasioned restraints which are not justified by the victim's conduct or other extenuating circumstances." Jefferson v. Ysleta Indep. School Dist., 817 F.2d 303, 304 (5th Cir. 1987).

Considering the abovementioned precedent, the Court finds that a constitutional violation is sufficiently alleged to the extent that a reasonable special needs educator would have known that forcefully and maliciously placing masking tape over a disabled student's mouth whom she knew to have severe asthma, and subsequently forcefully ripping it off, violates his constitutional right to bodily integrity. Thus, the Court at this stage of the litigation concludes that this set of facts, taken in the light most favorable to W.E.T., constitute a violation of his clearly established constitutional rights. Consequently, Mitchell's motion to dismiss on the basis of qualified immunity will at this time be denied. However, the Court also notes that after the opportunity for discovery, Plaintiffs will ultimately be required to provide evidence of the facts they allege in the Complaint, that is, that Mitchell was motivated by malice toward W.E.T., that her actions toward him were "forceful" and "sudden and without warning," and that W.E.T. suffered severe physical and, or, emotional injuries as a result of her conduct. However, to the

extent that the Court considers only the allegations contained in the Complaint when considering Mitchell's motion, the Court at this time denies Mitchell's Motion to Dismiss this claim based upon the defense of qualified immunity.

Finally, because the Court has determined that Plaintiff W.E.T.'s § 1983 claim against Mitchell in her individual capacity survives Mitchell's Motion to Dismiss, the Court retains subject matter jurisdiction over this suit pursuant to 28 U.S.C. § 1331. Therefore, Mitchell's motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction will be denied.

III. CONCLUSION

For the reasons discussed above, IT IS THEREFORE ORDERED that Defendant Mitchell's second Motion to Dismiss Plaintiff W.E.T.'s § 1983 claim against her in her official capacity is GRANTED, and that claim is hereby DISMISSED with prejudice. IT IS FURTHER ORDERED that Defendant Mitchell's second Motion to Dismiss Plaintiff W.E.T.'s § 1983 claim against her in her individual capacity on the basis of qualified immunity is DENIED. FINALLY, IT IS ORDERED that Mitchell's motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction is DENIED.

This, the 10th day of January, 2008.

_____
United States District Court Judge